**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALONZO NATHAN LAX,

    Defendant - Appellant.

No. 18-3115
(D.C. No. 5:13-CR-40018-DDC-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

## I.  BACKGROUND

In 2015, Alonzo Nathan Lax pled guilty to one count of interference with

commerce by means of robbery in violation of 18 U.S.C. § 1951(a) and one count of

use, carry, and brandish of a firearm during and in relation to a crime of violence in

violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(2).  He was sentenced to 43 months in

prison followed by three years of supervised release.

In 2017, Mr. Lax admitted to violations of his supervised release conditions

for failure to return to his re-entry center and for testing positive for

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine. The district court revoked his supervised release and sentenced him to eight months in prison followed by 18 months of supervised release.

In 2018, Mr. Lax admitted to supervised release violations for possession and use of methamphetamine, for failure to participate in his substance abuse program, and for associating with a person engaged in criminal activity. The parties recommended an eight-month sentence and no supervised release.

The district court, noting the advisory sentencing guideline range was 8 to 14 months and that Mr. Lax had committed drug offenses while on supervised release, revoked his supervised release and sentenced him to 14 months in prison and no supervised release.

Counsel for Mr. Lax filed a notice of appeal, an entry of appearance, and a brief based on *Anders v. California*, which provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. 738, 744 (1967). The *Anders* brief identifies one potential issue: whether the district court erred when it imposed a 14-month prison sentence rather than accepting the parties' eight-month recommended sentence. The brief concludes there is no non-frivolous basis to argue for error.

First, the brief points out that, although the court did not advise Mr. Lax that it was not bound by the parties' agreement, no objection was made and Mr. Lax cannot establish plain error because he cannot show that he would not have admitted to the supervised release violations had he been advised. This is so because the court advised him of the tentative sentencing decision before offering a final opportunity to object. Moreover, there was no evidence that Mr. Lax's admissions to the violations were not knowing and voluntary.

Second, the brief states that Mr. Lax has no viable argument that the sentence was procedurally or substantively unreasonable because the district court adequately considered the sentencing factors under 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines and because he cannot overcome the presumptive reasonableness of the within-guidelines sentence.

The clerk's office sent a letter to Mr. Lax advising him of his attorney's filing of the *Anders* brief and inviting him to raise any points to show why his conviction or sentence should be set aside. Mr. Lax has not filed any response.

## II. **DISCUSSION**

We have conducted a full examination of the record, *Anders*, 386 U.S. at 744, and agree with Mr. Lax's counsel that there are no non-frivolous appeal issues. Nothing in the transcript of the revocation hearing or any other part of the record shows that there was any plea agreement associated with Mr. Lax's admission of having violated the four supervised release conditions. Nor was there any other basis to determine that Mr. Lax conditioned his admissions to supervised release violations

3

on receiving a specific sentence. Indeed, the violation report prepared in advance of the revocation hearing states that Mr. Lax admitted to use of methamphetamine.

To the extent the district court should have advised Mr. Lax that any agreement between the parties as to the recommended sentence was not binding on the court, Mr. Lax did not object, so he would have to show plain error on appeal: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 695 F.3d 1125, 1130 (10th Cir. 2012) (quotations omitted).

The record does not show an error that was plain, that Mr. Lax would or could have contested the violations if he had been advised that any stipulated sentence was not binding, or that the absence of such advisement would seriously affect the fairness and integrity of the proceeding.

We further do not detect any procedural or substantive reasonableness error. The district court adequately supported the sentence under the § 3553(a) factors, and there is no basis for him to overcome the presumptive reasonableness of the 14 month within-guidelines sentence. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

## III. **CONCLUSION**

Our independent review of the record found no non-frivolous grounds for reversal based on the issue identified in the *Anders* brief, nor did it uncover any other non-frivolous grounds. We therefore grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge